# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2013

Lyle W. Cayce
Clerk

No. 12-50973
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD GERARDO FALLAS-GARO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1289-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronald Gerardo Fallas-Garo appeals the within-guidelines, 41-month sentence imposed for his guilty plea conviction of illegal reentry. He contends that his sentence is substantively unreasonable because it is greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Fallas-Garo's arguments that the district court failed to account for the age of his prior conviction and the nature of the instant offense are unavailing. *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The district court was aware of the impact of Fallas-Garo's prior drug conviction on the calculation of the guidelines range and his motive for reentering the United States but nonetheless imposed a sentence at the bottom of the guidelines range. Fallas-Garo has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor that it should not have so weighted, or made "a clear error of judgment" when it balanced the relevant factors. *Cooks*, 589 F.3d at 186. *Cooks*, 589 F.3d at 186. He has thus failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338.

As Fallas-Garo concedes, his argument that the presumption of reasonableness should not be applied to his sentence because United States Sentencing Guidelines § 2L1.2, the illegal reentry Guideline, double counts prior convictions and lacks an empirical basis is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.